

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **V.** | § § § | **CASE NO. 1:18-CR-8** |
| **JANEL SAPHIRE TRAHAN** | § § | |

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Janel Saphire Trahan, competent to proceed.

    A.    <u>Procedural Background and the Forensic Psychologist's Report</u>

On February 13, 2018, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant to determine her competency to stand trial (doc. #17). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or

1

psychologist to determine whether, pursuant to 18 U.S.C. § 4241, she is suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

The Court received notification from the warden at the Federal Medical Center, Carswell, in Fort Worth, Texas, that a psychological evaluation had been completed pursuant to the Court's order. Marsha Evans, M.S., predoctoral psychology intern, and Hayley Blackwood, Ph. D, forensic psychologist, issued their report stating that Ms. Trahan is presently competent to stand trial and is not suffering from a mental disease or defect rendering her unable to understand the nature and consequences of the proceedings against her or unable to properly assist in her defense.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government. On August 16, 2018, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected or offered evidence disputing the examiner's conclusion that Ms. Trahan is competent.

B.   Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychological examiner, the undersigned recommends that the District Court find the defendant, Janel Saphire Trahan, competent to proceed pursuant to 18 U.S.C. § 4241.

C. <u>Objections</u>

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5$_{th}$ Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of August, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

3